UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES SHAFFNER, § | |
| TRENT LITTLE, § | |
| and § | |
| SEAN GENZER, § | |
| § | |
| Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-2064 |
| § | |
| CASH REGISTER SALES & SERVICE § | |
| OF HOUSTON, INC. § | |
| and § | |
| BRIAN SMITH, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' motion for notice to potential class members and for limited discovery. Plaintiffs filed this suit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The FLSA authorizes individuals to assert such claims, on behalf of themselves and of other employees similarly situated, for their employers' wrongful failure to pay overtime wages. *Id.* Plaintiffs now seek discovery of the identities of all of Defendants' employees who share Plaintiffs' job titles and descriptions, and request that notice of this lawsuit be provided to each of those employees, allowing them to "opt in" to this suit. *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Defendants argue that discovery and notice are inappropriate at this time because Plaintiffs have not demonstrated that any similarly situated employees exist and

because Defendants plan to file a motion for summary judgment on the ground that they are exempt from the FLSA's overtime requirements.

While the Fifth Circuit has expressly declined to endorse any particular standard for evaluating requests for notice under the FLSA, it has affirmed district court decisions that utilized the lenient standard adopted by the United States District Court for the District of New Jersey in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See, e.g.*, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214-1216 (5th Cir. 1995). The two-step *Lusardi* approach requires the Court, at the notice stage, to use a "fairly lenient standard, [which] typically results in 'conditional certification' of a representative class" on the basis of the pleadings alone. *Id.* at 1214. At the second stage, which is usually prompted by a defendant's motion for decertification after some or all discovery has been completed, the Court considers additional evidence submitted by the parties in determining whether to de-certify the class on the ground that its members are not similarly situated. *Id.*

In this case, Plaintiffs have met the first-stage notice standard. The addition of two of the three Plaintiffs after the inception of this case is persuasive evidence that a putative class does exist. Moreover, the discovery and notice requested here will not be onerous, since all of the potential Plaintiffs are or were employed by Defendants in the Houston and Dallas metropolitan areas within the three years prior to the initiation of this suit. Finally, while Defendants are, of course, entitled to file summary judgment motions asserting any defenses that they can in good faith plead, the Court declines to defer discovery and notice on the basis of Defendants' indication that they will file such a

motion at some time in the future. Accordingly, Plaintiffs' motion for notice and discovery, Docket No. 17, is hereby **GRANTED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 17th day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**